Edwards, Ch. J.
delivered the opinion of the court. •The case of Grant vs. Groshon (a), determined in this court, at the last term, settles the doctrine, that whenever property is to be paid on a day certain, the declaration need not contain an averment that the plaintiff demanded it at the defendant’s residence. Henderson vs. Stainton (b), also decided at the last term, settles the question, that whenever the contract of the parties is for property, judgment cannot be taken without a jury to find the damages.
The court consider the declaration to which the other exception is taken, defective and erroneous.*

Littell.

— I wish the court to re-consider the second P°int* 111 Henderson vs. Stainton, it was a penal bond, and the penalty was to secure what the creditor might have a right to, A jury was therefore proper to inquire of the damages. I understand these notes to be for Si. in cash, which the party might discharge in trade.
Judge Logan.
— .This case will not come within your distinction. The notes are for “ Si. in trade.”
Judge Trimble.
— -I consider the sum here, as a measure for the quantity of property, as much as if a contract called for ten bushels of wheat. In the case of Stainton vs. Henderson, the court considered the condition of the bond as the true contrast; and decided that where the real Contract was for property, a jury ipust assess the damages.- — ,—Judgments, reversed.

 Ante 85,

⅛) Antt nía

 Same point decided in Lynch vs. Barr, pr. dec. 197, and in Tunftall vs. Barbour, Spring 1805 — See alio, Conn vs. Jones, ante 8, Tamen yuere de 'hoc.